IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

OSVALDO BÁEZ-CRUZ, et al.,

Plaintiffs

v.                                                                    CIVIL 09-1088 (JA)

MUNICIPALITY OF DORADO, et al.,

Defendants

OPINION AND ORDER

This matter is before the court on Motion for Continuance of Trial and to Withdraw Legal Representation filed on Sunday, March 6, 2011. (Docket No. 87.) Defense counsel Juan M. Rivera González notes that on February 28th, after four days of hearing (actually after eight days of jury trial, that is, February 15-18 and 22-25, 2011) he suffered a medical emergency and had to visit his attending physician. After ordering a battery of tests, the attending physician referred the attorney to a neurologist. The attorney made an appointment with neurologist Julio A. Calcaño for Saturday, March 5, 2011. Counsel explains that he sincerely doubts if he will be able to continue the legal representation of the defendant because of his state of health, which has resulted in the Municipality of Dorado requesting that he withdraw from this Title VII case which is discrimination based on sex, retaliation and also failure to provide a reasonable accommodation for two of the six plaintiffs, all then members of the Dorado Municipal Police Force.

CIVIL 09-1088 (JA)                    2

The jury trial in this case commenced as scheduled on February 15, 2011 at 9:00 A.M. and has been tried on successive work days beginning at 9:00 A.M. and ending at between 3:00 P.M. and 5:00 P.M.  On Monday, February 28, 2011, defense counsel apparently appeared at the United States Courthouse but decided to go to emergency with a medical condition.  Later in the afternoon, his office informed that a physician had directed him to have bed rest for the rest of the week and to undergo some tests.  The jury was excused at about 9:10 A.M. until further notice.

On Tuesday, March 1, 2011, I entered an order resetting the case for trial for March 7, 2011.  The order continued "Because the jury will have been excused by then for one week, a particularized voir dire will be conducted at that time, regardless of the presence or absence of defense counsel, although it is my hope that defense counsel will be present and ready to participate.  If a modification of the current trial schedule is required due to counsel's health reasons, that subject will be addressed then." (Docket No. 84.)

Plaintiffs, facing a vacuum of information in relation to defense counsel, request that any future continuances be based upon conclusive evidence of medical emergency as this delay greatly prejudices plaintiffs in the case, in particular because of the approaching retirement date of the presiding judge.

CIVIL 09-1088 (JA)                                    3

Plaintiffs also ask that the court try the case on full days, that is, from 9:00 A.M. to 5:00 P.M. due to unforeseen circumstances and the possibility that further delays may occur.  (Docket No. 85.)

Dr. Calcaño has written a note TO WHOM IT MAY CONCERN dated March 5, 2011 stating that he evaluated the patient due to an "acute episode of severe disorientation just walking to the Court Room.  Patient related a sustained stress, minimal sleep, and heavy continuous work related for a recent case representation."  The doctor noted "preventive rest and neurological work-up scheduled for the next four to eight weeks.  Medical advice to trial court practice may not be guaranteed."  (Docket No. 87-1.)

> It is clear that "[t]rial courts enjoy broad discretion when evaluating a motion for continuance." United States v. De Castro-Font, 583 F. Supp. 2d 243, 244 (D.P.R. 2008) (citing Morris v. Slappy, 461 U.S. 1, 11, 103 S. Ct. 1610, 75 L. Ed. 2d 610 (1983); Macaulay v. Anas, 321 F.3d 45, 49 (1st Cir. 2003)); Ramos-Borges v. Puerto Rico, 2010 WL 2044543, at *1 (D.P.R. May 20, 2010).

Moreno-Pérez v. Toledo-Dávila, --- F. Supp. 2d ----, 2011 WL 503445, at *2 (D.P.R. Feb. 14, 2011).

CIVIL 09-1088 (JA)                              4


Clearly, counsel is not available to continue with the jury trial under any schedule which I may select.[1]  Indeed, he did not appear in court on March 7, 2011.  The Municipality of Dorado was "represented" in court by Lieutenant Rosa Ramos of the Municipality of Dorado Municipal Police.  The Municipality of Dorado has asked that attorney Rivera González withdraw legal representation because of his medical condition.  Therefore the motion to withdraw legal representation is granted.  The Municipality of Dorado is granted until April 4, 2011 to acquire legal representation.

The jury will not be discharged.  The jurors were voir dired in relation to anything which might have happened during the week-long recess that might have an effect on their impartiality.  The jury unanimously accepted being excused until April 4, 2011 to resume their duties.  The jury was not informed of the reasons for the lengthy continuance simply because it is my belief that the jury need not receive more information than is necessary for it to remain fair, impartial and unbiased.  As in every case prior to adjournment, the jurors, in a nutshell,

---

[1] As an aside, the present case is not unlike other discrimination cases which have proceeded to trial in this court.  The normally nine to five scheduled has been modified to nine to three to accommodate professional obligations, this with the approval of the jury.  See, e.g., Manual for Complex Litigation, Fourth § 12.11 (Federal Judicial Center 2004).  There have been numerous objections fielded by both sides and a transcript of proceedings should reflect the cordial if forceful balanced atmosphere that is reflected in the litigation.

CIVIL 09-1088 (JA)                                    5

were instructed not to discuss the case among themselves or with anyone else and to keep an open mind and not make any decisions until they receive the jury instructions after all of the evidence has been presented.  Upon the jury's return in a month, they will again be voir dired to assure that the month has not presented any challenges to their impartiality.  Again, courts have broad discretion in whether or not to grant a continuance, and under the circumstances, I find that the scope of my lawful powers is not exceeded by granting the Municipality of Dorado one month to contract the services of an attorney to take over trial representation.  See generally United States v. Pandozzi, 878 F.2d 1526, 1534 (1st Cir. 1989).  And there is certainly no improper purpose in seeking the continuance.  See Slappy v. Morris, 649 F.2d 718, 722 (9th Cir. 1981), cited in Morris v. Slappy, 461 U.S. at 11, n.4.

A large amount of judicial and litigation resources have been dedicated to this case. Parties have filed proposed jury instructions and verdict forms, and one plaintiff traveled from Okinawa where he is currently stationed, in order to testify at trial.  Less than half a day remains for plaintiffs to rest their case.  The attentive jurors have been taking notes during trial and I will provide about 100 pages of my own typewritten trial notes to both plaintiffs and substitute defense counsel.  If I cannot continue to preside at the trial, a substitute judicial officer will

CIVIL 09-1088 (JA)                              6

continue to preside at trial upon certifying that he or she has familiarized himself or herself with the record of the trial, and after determining that the case may be completed without prejudice to the parties. See Fed. R. Civ. P. 63.[2] Another solution would be for me to be recalled from retirement for purposes of presiding over and completing the trial. See 28 U.S.C. § 636(h).[3]

---

[2]  If a judge conducting a hearing or trial is unable to proceed, any other judge may proceed upon certifying familiarity with the record and determining that the case may be completed without prejudice to the parties. In a hearing or a nonjury trial, the successor judge must, at a party's request, recall any witness whose testimony is material and disputed and who is available to testify again without undue burden. The successor judge may also recall any other witness.

Fed. R. Civ. P. 63.

[3]  (h) A United States magistrate judge who has retired may, upon the consent of the chief judge of the district involved, be recalled to serve as a magistrate judge in any judicial district by the judicial council of the circuit within which such district is located. Upon recall, a magistrate judge may receive a salary for such service in accordance with regulations promulgated by the Judicial Conference, subject to the restrictions on the payment of an annuity set forth in section 377 of this title or in subchapter III of chapter 83, and chapter 84, of title 5 which are applicable to such magistrate judge. The requirements set forth in subsections (a), (b)(3), and (d) of section 631, and paragraph (1) of subsection (b) of such section to the extent such paragraph requires membership of the bar of the location in which an

CIVIL 09-1088 (JA)                                           7

For the reasons set forth above, the motion to withdraw legal representation is granted. The request to continue the trial setting is granted. Trial is reset for Monday, April 4, 2011 at 9:00 A.M. The Municipality of Dorado is granted until April 4, 2011 to contract the services of counsel who is to be ready to continue with the trial on that date.

At San Juan, Puerto Rico, this 8th day of March, 2011.

                              S/ JUSTO ARENAS
                    Chief United States Magistrate Judge

---

individual is to serve as a magistrate judge, shall not apply to the recall of a retired magistrate judge under this subsection or section 375 of this title. Any other requirement set forth in section 631(b) shall apply to the recall of a retired magistrate judge under this subsection or section 375 of this title unless such retired magistrate judge met such requirement upon appointment or reappointment as a magistrate judge under section 361.

28 U.S.C. § 636(h).