IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

OSVALDO BÁEZ-CRUZ, et al.,

Plaintiffs

v.                                                                         CIVIL 09-1088 (JA)

MUNICIPALITY OF DORADO,

Defendant

OPINION AND ORDER

On April 4, 2011, upon reconvening the jury in this Title VII and retaliation case, after a month-long hiatus, the jury was informed that the trial would continue on May 16, 2011. Because of the length of the adjournment, I asked the jury if there was any way I or the parties could help their memories upon their return, notwithstanding their having taken notes. They were reminded that their memories, and not their notes, should be the primary source in the process. See, e.g., United States v. Oppon, 863 F.2d 141, 148-49 n.12 (1st Cir. 1988).[1]

---

[1] During the preliminary instructions, the jury was given the following instruction related to note-taking:

> During this trial, I will permit you to take notes. Of course, you are not obliged to take notes. If you do not take notes, you should not be influenced by the notes of another juror, but should rely upon your own recollection of the evidence.

CIVIL 09-1088 (JA)                              2

Emphasis was made in that respect.  The jury returned a note to the court which included the following:  "We will appreciate that in May, when we all return, you can provide any type of refreshment of our memory.  We don't know what can be done.  If you have any idea we will gladly hear it."  (Docket No. 109.)

The jury was empaneled on February 15, 2011, and testimony was heard on February 16-18, and 22-25, 2011.  (Docket Nos. 60, 64, 67, 68, 72 & 73, 75, 78, 82.)  On February 28, 2011, the jury was excused for one week.  Báez-Cruz v. Municipality of Dorado, Slip Copy, 2011 WL 830720 (D.P.R. Mar. 8 2011).  On March 7, 2011, they were again excused, this time for April 4, 2011.  There will have been an interval of 80 days between testimonies when the jury returns on

---

Because many courts do not permit notetaking by jurors, a word of caution is in order.  You must not allow your notetaking to distract you from the proceedings.

Frequently, there is a tendency to attach too much importance to what a person writes down.  Some testimony that is considered unimportant at the time presented, and thus not written down, may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial.  Your memory should be your greatest asset when it comes time to deciding this case.

3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, Federal Jury Practice and Instructions § 101.13, at 33 (5th ed. West 2000).

CIVIL 09-1088 (JA)                                    3

May 16, 2011.  A status conference is scheduled for April 15, 2011, whether the government shuts down or not.[2]

> Exceedingly lengthy trials lead to reduced concentration and recollection of events on the part of all participants, particularly witnesses and jurors. In very long cases, exhaustion may diminish everyone's performance. The quality and representative nature of the jury may be reduced by the fact that many citizens-often the most competent-are unable or unwilling to take the time to sit for cases lasting weeks or months.

United States v. Warner, 506 F.3d 517, 524 (7th Cir. 2007) (quoting Gordon Van Kessel, Adversary Excesses in the American Criminal Trial, 67 Notre Dame L. Rev. 403, 478-79 (1992)); cited in United States v. Cousar, 2007 WL 4456798, at *2 (W.D. Pa. Dec. 16, 2007).

The jury in this case has been clearly willing to continue with the case even under the far from garden variety scheduling issues.  Just as *de bene esse* deposition testimony is sometimes presented in summary fashion, there is nothing unreasonable in presenting the jury with a fair statement of the substance of the previous testimonies in order to refresh their memories.  See, e.g., Manual for Complex Litigation Fourth § 12.331 (Federal Judicial Center 2004).  Therefore I will prepare a summary of the evidence presented up to the present for perusal

---

[2] Because of my retirement effective April 10, 2011, I will be on recall status for the duration of this case in accordance with the Order of Recall issued by the Judicial Council of the First Circuit yesterday.  See 28 U.S.C. § 636(h).

CIVIL 09-1088 (JA)                                        4

of the attorneys with the understanding that there are yet issues to be presented to the court for resolution and that the defendant is not waiving any rights which it feels may require vindication.  Disagreement with the summary by parties requires that alternative summaries be presented and parties are directed to make such proposals within four days of presentation.  The summary and the jury notes should assist the jurors' recollections.  See Susan J. Macpherson & Elissa Krauss Tools to Keep Jurors Engaged, 44-MAR JTLATRIAL 32, 34 (Mar. 2008).  Interim summations would have been considered but the case is not lengthy and complex, and only plaintiffs have presented witnesses.  See, e.g., In re Brooklyn Navy Yard Asbestos Litig., 971 F.2d 831, 836 (2d Cir. 1992).

While I recognize that an 80-day hiatus in testimony is far from a routine adjournment in a jury trial, there is good cause for the adjournment, per the proffer provided by the defense at the last status conference. Traditionally, United States courts conduct trials on contiguous or continuous days.  Were this to have been a criminal case, there would be no violation of speedy trial principles were good cause shown.  Cf. United States v. Smith, 44 F.3d 1259, 1267-68 (4th Cir. 1995).  "A party seeking a lengthy continuance midway through an ongoing trial has some burden to persuade the trier that a genuine need for more time exists. There is an important public interest in the efficient operation of the judicial system and in the orderly management of crowded dockets.  Hence, mid-trial

CIVIL 09-1088 (JA)                           5

continuances should be granted sparingly, for good cause shown . . . . " <u>United States v. Devin</u>, 918 F.2d 280, 291 (1st Cir. 1990).  In this case, over an abundance of caution and concern for the defendant's right to a fair trial, a lengthy continuance has been granted.  Nevertheless, the scales of justice require the court to assure that all sides are treated as evenly as possible.  Otherwise, favor enters the arena and favor has no place in the debate.  There will be no more continuances and unless a mistrial is declared, the trial will reconvene on May, 16, 2011 at 9:00 A.M.

    SO ORDERED.

    At San Juan, Puerto Rico, this 8th day of April, 2011.

                                          S/ JUSTO ARENAS
                             Chief United States Magistrate Judge