IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

OSVALDO BÁEZ CRUZ et al.,

Plaintiff

v.                                                    CIVIL 09-1088 (JA)

MUNICIPALITY OF DORADO,

Defendant

OPINION AND ORDER

This matter is before the court on motion for leave to file Spanish language documents filed by defendant Municipality of Dorado on April 11, 2011.  (Docket No. 111.)  The motion makes reference to several documents which are submitted under seal in support of a motion for mistrial filed on the same date.  Plaintiffs have fourteen days, until April 25, 2011, to reply in opposition.  See, e.g., Moreno Rivera v. DHL Global Forwarding, 272 F.R.D. 50, 53 (D.P.R. 2011).  A status conference is scheduled for April 15, 2011.

On July 30, 2010, I issued the following order:

> Any party filing a motion in these consolidated cases other than a dispositive motion shall certify to the court that a good faith attempt has been made to obtain concurrence in the relief sought.  If the moving party has obtained concurrence, a statement of concurrence shall be included in the body of the motion so the court may consider it without delay.   If concurrence has been obtained, the motion shall also contain the words "assented-to" in its title. . . .  This orders fosters

CIVIL 09-1088 (JA)                    2

> communication among adversaries and reduces unnecessary delay in motion resolution.

(Docket No. 41.)

While the matter may appear trivial, I require compliance with orders which I enter in order to rule on motions in a timely fashion and also to allow parties to reach agreements of sorts, without minimizing the nature of the adversarial process. Indeed, there is strength in attempting resolutions of sorts along the litigation trial. The required certification is missing. Substitute counsel are to familiarize themselves with the entire docket, not just with the parts they wish to recite.

The request to submit documents in the Spanish language is denied. The local rule regarding translations is cast aside in the request based upon the complexities of the issues presented in the motion for mistrial. Courts are not places for plebes and complexity, be it in procedure or substance, is the norm, not the exception. I am not at all sure what translations have to do with complexities of issues. See United States Dist. Court for the Dist. of P.R., Local Rules, Rule 5(g) (2009). As I recently stated in an unpublished opinion, "I do not choose to ignore the local rule. There have been sufficient admonitions from the court of appeals cautioning, or indeed, prohibiting the reference to untranslated exhibits, Puerto Rico opinions, or testimony in the Spanish language without the corresponding English translation." Mullins v. Dep't of Labor of Puerto Rico, Slip

CIVIL 09-1088 (JA)                              3

Copy, 2011 WL 721846, at *1 (D.P.R. Feb. 24, 2011) (citing Puerto Ricans for

P.R. Party v. Dalmau, 544 F.3d 58, 67 (1st Cir. 2008); Ruiz-Rivera v. Pfizer

Pharm., LLC, 521 F.3d 76, 85 n.8 (1st Cir. 2008); González-de-Blasini v. Family

Dep't, 377 F.3d 81, 88-89 (1st Cir. 2004); see also First Bank P.R. v. Swift Access

Mktg., Inc., 697 F. Supp. 2d 259, 260 (D.P.R. 2010).); see also Arroyo-Pérez v.

Demir Group Int'l, --- F. Supp. 2d ----, 2011 WL 92041, at *4 (D.P.R. Jan. 11,

2011).

        Finally, the Municipality of Dorado requests a period of time to submit

certified translations.  It does not request any specific period and leaves such a

period to the whim of the translator, to the inertia of a monitoring attorney or to

the speculation of the trial judge.  Local Rule 6 provides "[a]ll motions for

extension of time shall specifically set forth the purpose of the extension sought,

the expiration date for the period sought to be extended, and the expiration date

of the proposed extension."  Local Rule 6.  The rule either applies or does not

apply.  If it does not apply, I am in for the never-ending story.  If it does apply,

and I believe it does, then again, the substitute attorneys have ignored the same.

        Substitute counsel were hired one week before the penultimate trial

scheduling.  The case is not in delay mode and the trial will be held as scheduled

unless a mistrial is declared.  In the meantime, counsel are to prepare for trial,

not for mistrial.

CIVIL 09-1088 (JA)                              4


     In view of the above, the motion to submit documents in the Spanish language is denied.

     In San Juan, Puerto Rico this 13th day of April, 2011.


S/ JUSTO ARENAS
RECALLED UNITED STATES MAGISTRATE JUDGE