IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

OSVALDO BÁEZ CRUZ, et al.,

Plaintiffs

v.                                              CIVIL 09-1088 (JA)

MUNICIPALITY OF DORADO,

Defendant

OPINION AND ORDER

        This matter is before the court on motion in limine to exclude direct and indirect evidence of information contained in police department logbooks, filed by plaintiffs on March 28, 2011.  (Docket No. 100.)  The argument is straightforward. Plaintiffs argue that the police department logbooks subject of the motion were not produced during the discovery phase after repeated attempts to obtain them. A detailed request for logbook information was made.  (See, e.g., Docket No. 100, at 8-9.)  Because they were not produced, plaintiffs could not engage in further requests or determine which parts of the logbooks, if any, they might use at trial. Plaintiffs emphasize that no objections were made by the defendant to any of these requests.  The requests were simply and unjustifiably ignored.  Plaintiffs stress that they will be blind sided if the court allows reference to logs that were not discovered prior to trial.  The pretrial order reflects the deficiencies that plaintiffs complain of.  Plaintiffs also stress that mention of or reference to the

CIVIL 09-1088 (JA)                           2

logbooks not produced would be greatly, unduly and unfairly prejudicial to them.

They further request that the court inform the jury about the non-production and

allow the jury to entertain an adverse inference instruction.  See, e.g., 3 Kevin F.

O'Malley et al., Federal Jury Practice and Instructions § 104.26 (5th ed. 2000).

The Municipality of Dorado replied in opposition to the motion in limine on

April 22, 2011.  (Docket No. 125.)  Two-thirds of the opposition summarizes

plaintiffs' allegations, and the last third refers to the motion for mistrial, strongly

implying that the argument in that motion should lend portent to its argument in

opposition to the motion in limine.  The defense criticizes the timing of the motion,

and notes that sanctions were never requested under Rule 37(a)(3)(B) of the

Federal Rules of Civil Procedure prior to the filing of the motion.  The defense also

notes that plaintiffs would not be prejudiced by the denial of the motion and

allowing the production of the logbooks by the defense at trial.  Finally, the

defense opposes plaintiffs' proposed jury instruction 41 which images plaintiffs'

request for an adverse inference instruction to the jury in relation to the missing

logbooks.

Clearly the argument of the defense is intertwined with the motion for

mistrial which will be the subject of a separate ruling.  Nevertheless the case is

already in trial mode and eight days of jury trial have transpired.  See Báez-Cruz

v. Municipality of Dorado, Slip Copy, 2011 WL 814949 (D.P.R. Mar. 8, 2011).  A

CIVIL 09-1088 (JA)                    3

denial of the motion in limine results in plaintiffs' not knowing what to expect at trial and denies plaintiffs the right to a trial based upon rules and not based on ambush.  Plaintiffs have simply not had the opportunity to review the logbooks which were promised and not produced prior to trial, through no fault of plaintiffs. Up to what breaking point does a party need to seek compliance with its requests? That plaintiffs did not move for sanctions previously does not result in any waiver of sorts.   Indeed, there are sanctions available more serious than the ones proposed by plaintiffs.  See, e.g., Farm Constr. Servs., Inc. v. Fudge, 831 F.2d 18, 20 (1st Cir. 1987).  On the other hand, the defendant has clearly waived any right it might have professed to present the logbooks, such waiver resulting from the inertia of its previous legal representation.

The general rule is clear.  As stated in Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962): "There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent."  This general rule is yet the law in this circuit.  See Farm Constr. Servs., Inc. v Fudge, 831 F.2d at 21.  Any exception to that rule will be the subject of the ruling on the motion for mistrial. This is not a proverbial new ball game, notwithstanding the presence of two

CIVIL 09-1088 (JA)                        4

dynamic pinch hitters.  The court is yet attempting to "secure the just, speedy, and inexpensive determination of [this] action." Colón v. Blades, 268 F.R.D. 137, 142 (D.P.R. 2010) (quoting Dyno Nobel, Inc. v. Amotech Corp., 63 F. Supp. 2d 140, 144 (D.P.R. 1999)).  In that attempt, the court normally relies on the pretrial order, an order which in this case reflects some deficiencies but which yet has some value in ruling the court's course of action.  See Pagán Colón v. Walgreens de San Patricio, Inc., 269 F.R.D. 165, 169 (D.P.R. 2010.)  That prior defense counsel did not pay closer attention to the requirements of governing procedural rules is unfortunate, and certainly not the product of design.  Nevertheless, parties traditionally suffer the consequences of their attorneys' shortcomings.

        This case as of yet does not fall outside of the garden variety of examples of deficient performance and does not invite an extreme reaction to a seemingly unique but not so uncommon problem.  In any event, the sanction requested is clearly warranted.  See, e.g., Tavárez-Guerrero v. Toledo-Dávila, 271 F.R.D. 426, 428-29 (D.P.R. 2010); Colón v. Blades, 268 F.R.D. 129, 134-35 (D.P.R. 2010)  Indeed, failure to comply with discovery requests without justification ordinarily calls for mandatory preclusion.  See Caballero v. Hospital Español Auxilio Mutuo de P.R., Inc., 2010 WL 503059, at *4 (D.P.R. Feb. 8, 2010).

        In view of the above, the motion in limine is granted.  The Municipality of Dorado is precluded from introducing at trial any evidence regarding the contents

CIVIL 09-1088 (JA)                            5

of the logbooks via testimony or otherwise, including but not limited to the posts

of the police officers, the dates they were assigned, the entry and exit annotations

of the policemen and the annotations of any supervisors.   The defense is

forewarned that failure to comply with this directive will result in the striking of

defenses and the entry of default, since the sanction of mistrial would reward

rather than punish a violation of this order.

The request for an adverse inference instruction is held in abeyance and will

be ruled upon at the charging conference prior to closing arguments.

SO ORDERED.

In San Juan, Puerto Rico, this 2d day of May, 2011.

                                        S/JUSTO ARENAS
                                United States Magistrate Judge