IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

OSVALDO BÁEZ CRUZ, et al.,

Plaintiffs

v.                                                          CIVIL 09-1088 (JA)

MUNICIPALITY OF DORADO,

Defendant

OPINION AND ORDER

I.  PROCEDURAL BACKGROUND

The jury trial in this case was interrupted in its eighth day on Monday, February 28, 2011.  Then counsel for the defendant apparently arrived at the courthouse.  At the time he was scheduled to continue the cross-examination of a witness called by plaintiff but associated with the defendant, he decided to see his attending physician.  Counsel excused himself with an attorney who assisted him during trial, but who was not admitted pro hac vice and is not a member of the bar of this court.  Information eventually trickled down to chambers that the attorney was to be under a doctor's care.  On March 1, 2011, plaintiffs filed a motion requesting that any future continuances of trial be based on conclusive evidence of a medical emergency because the delay greatly prejudices plaintiffs. (Docket No. 85.)

On March 6, 2011, the defense attorney sought to withdraw representation because he had a medical emergency.  Counsel proffered that he doubted that he

CIVIL 09-1088 (JA)                              2

could continue with the legal representation because of his state of health and because his client, the Municipality of Dorado, had requested his withdrawing from the case. (Docket No. 87.) A neurologist's note was attached to the motion. The neurologist scheduled preventive rest and neurological work-up for the next four to eight weeks, basically sidelining the attorney. On March 8, 2011, I granted the motion to withdraw and to continue the trial. Báez-Cruz v. Municipality of Dorado, Slip Copy, 2011 WL 814949 (D.P.R. Mar. 8, 2011). The Municipality of Dorado was granted time to acquire new legal representation. The trial was reset for April 4, 2011. (Docket No. 89.) A status conference was held on March 31, 2011 and the new defense team informed it would move for mistrial because of the gross negligence and mental condition of the prior attorney. A 24-page motion for mistrial was filed on April 11, 2011, within the deadline for the filing of such a motion. (Docket No. 112.) The motion contained exhibits in the Spanish language. A motion to file such untranslated documents was denied on April 13, 2011. Báez-Cruz v. Municipality of Dorado, —F. Supp. 2d—, 2011 WL 1377771 (D.P.R. Apr. 13, 2011). Plaintiffs filed a 45-page response in opposition to the motion for mistrial on April 15, 2011. (Docket No. 117.) A seven-page reply to the opposition was filed by the defense on April 18, 2011. (Docket No. 118.) Finally, a nine-page sur-reply to the reply was filed by plaintiffs on April 25, 2011. (Docket No. 126.)

CIVIL 09-1088 (JA)                            3

The question for the court is whether the defendant is entitled to a mistrial based upon the grossly negligent representation of its previous legal representative. The argument relies upon the numerous mistakes by and deficiencies of the prior counsel, this based upon some type of unspecified mental deficiency or disability. The extensive exchanges between the parties having been considered, the motion for mistrial must be and is therefore denied.

## II.  DISCUSSION

The Constitution's Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. The two-part test for constitutionally ineffective assistance of counsel was set forth in Strickland v. Washington, 466 U.S. 668 (1984). Under the Strickland test, a defendant in a criminal case has the burden of showing that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. See Scarpa v. Dubois, 38 F.3d 1, 8 (1st Cir. 1994).

The standard in criminal cases having been described in a nutshell, it is clear that the standard does not apply to parties in civil cases. Specifically, a party in a civil case does not have a constitutional or statutory right to adequate representation of counsel. See Sánchez v. United States Postal Serv., 785 F.2d

CIVIL 09-1088 (JA)                            4

1236, 1237 (5th Cir. 1986); <u>Wolfolk v. Rivera</u>, 729 F.2d 1114, 1119-20 (7th Cir. 1984).

The defendant relies on Federal Rule of Civil Procedure 60(b) as the basis for its request for relief.  Rule 60(b) states "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . . "  Fed. R. Civ. P. 60(b).  The Municipality of Dorado makes reference to this rule and specifically to clause number (6) as a means to seek relief "from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).  Defendant argues that former counsel's gross negligence falls within the limits of Rule 60(b)(6).

"[A] 'client is not generally excused from the consequences of his attorney's negligence absent extraordinary circumstances.'"  <u>Cobos v. Adelphi Univ.</u>, 179 F.R.D. 381, 386 (E.D.N.Y. 1998) (quoting <u>Klein v. Williams</u>, 144 F.R.D. 16, 18 (E.D.N.Y. 1992) ([quoting] <u>Chira v. Lockheed Aircraft</u>, 634 F. 2d 664, 666 (2d Cir. 1980) ("absent 'a truly extraordinary situation[,]'" the client is not excused from the consequences of his attorney's nonfeasance)).  Nevertheless, "[i]t is well-settled that an attorney's neglect of a case will not provide the basis for a Rule 60(b)(6) motion.  Even an attorney's gross negligence is not a basis for relief under Rule 60(b)(6) unless the gross negligence is explained by exceptional circumstances and the movant makes a showing of client diligence in the face of

CIVIL 09-1088 (JA)                               5

the attorney's negligence."  Cobos v. Adelphi Univ., 179 F.R.D. at 388 (citing United States v. Cirami II, 563 F.2d 26, 30 (2d Cir. 1977); Domínguez v. United States, 583 F.2d 615, 617 (2d Cir. 1978); United States v. Cirami I, 535 F.2d 736, 741 (2d Cir. 1976)).

However, "where an attorney's mishandling of a movant's case stems from the attorney's mental illness, 'extraordinary circumstances justifying relief under Rule 60(b)(6)' may exist."  Cobos v. Adelphi Univ., 179 F.R.D. at 388 (quoting Nurani v. Marissa by GHR Indus. Trading Corp., 151 F.R.D. 32, 34 (S.D.N.Y 1993)).  Nevertheless, "[e]ven in these extraordinary circumstances, . . . , client diligence must still be shown."  Cobos v. Adelphi Univ., 179 F.R.D. at 388 (citing Nurani v. Marissa by GHR Indus. Trading Corp., 151 F.R.D. at 35-36; United States v. Cirami II, 563 F.2d at 34-35).

There is much information exchanged in the motion for mistrial and reply in opposition.  Much of the information is found in the record and much is not.  Much is based on observations of counsel for both sides.  Sensitive as the subject of an attorney's mental condition may be, the general rule is that court proceedings are public, and in seeking a mistrial, a drastic remedy if awarded, would invite public scrutiny, and possibly review by an appellate court.  Another general rule is that a party which voluntarily chooses his attorney as his representative in an action, cannot avoid the consequences of the acts or

CIVIL 09-1088 (JA)                              6

omissions of his freely selected agent.  See Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962); Capó v. United States, 7 F.3d 283, 284-285 & n.2 (1st Cir. 1993); cf. Corchado v. P.R. Marine Mgmt., Inc., 665 F.2d 410, 413 (1st Cir. 1981).  "Visiting the sins of the attorney . . . on the client is of course inherent in the nature of the adversary system" and is yet the rule followed in this circuit. Vallejo v. Santini-Padilla, 607 F.3d 1, 9 (1st Cir. 2010) (quoting Figueroa Ruiz v. Alegría, 896 F.2d 645, 650 n.5 (1st Cir. 1990)).  The defense relies to a great extent on Community Dental Servs. v. Tani, 282 F.3d 1164 (9th Cir. 2002). While Tani may be in accord with other circuits regarding relief based upon an attorney's mental illness, the defense has not made a showing that prior counsel suffered from a neurological deficit to the extent that the Municipality of Dorado was in fact unrepresented.  While counsel's actions and inaction are thrust into the argument, emphasis is also made of the prominence of the prior representative in legal circles, and as a subject matter expert in the field of labor relations.  The defense proffers that the prior attorney has disappeared and cannot be found.  Plaintiffs proffer that he is about to set up shop with another attorney, his medical treatment having been ended.  Nevertheless, the attack upon counsel is plenary and brutal, supported to a great extent by conjecture and gossamer.  The defense proffers numerous documents with which it intends to refute the allegations of plaintiffs and provide an alternate valid basis for the

CIVIL 09-1088 (JA)                              7

municipality's actions.  Missing files will arguably impugn the credibility of plaintiffs' witnesses.  Through all the argument, it is clear that if the current defense attorneys were to have been the first representatives, none of this would have happened.  The argument even attacks the motives behind the actions of plaintiffs' attorney and the marking of exhibits which appear favorable to the plaintiffs and unfavorable to the defendant.  A list of missing documents that should have been announced by the defense is presented.  The Joint Amended Pretrial Order of February 3, 2011 is also deficient.  For example, no defense exhibits are announced.  Indeed, four of the six plaintiffs are totally ignored by the defense in the Amended Pretrial Order.  The proposed verdict form and jury instructions are also deficient.  The defense proffers that the above scenario, as described in more detail in its motion for mistrial, indicates "an absence, a kind of lethargic, pro-forma 'nobody there', legal representation, that can only be explained as resulting from an affliction of some kind of neurological and/or mental illness." (Docket No. 112, at 18.)  While the focus of substitute counsel is narrowed to the "can only be explained" analysis, the market place of ideas yet contains viable theories short of those unsupported by clinical data, objective testing, or affidavits of weight.  The defense also relies on the affidavit of attorney Carmen Amy-Román who assisted counsel at defense table during trial sessions, and  apparently  helped  him  formulate  questions  on  cross-examination.   The

CIVIL 09-1088 (JA)                                      8

affidavit relates, among other things, carelessness in prior counsel's actions prior to trial, resulting in the failure to deliver documents promised to plaintiffs' counsel, as well as counsel's allowing a deposition to continue beyond the time allowed by the local rules.  Finally, counsel Amy-Román quotes the prior attorney as saying he "was lost" when he was cross-examining Commissioner Wadalberto Ramos of the Municipal Police of Dorado.  The prior attorney asked for a recess at that time, which request was granted.

It is clear that the allegations of the existence of some type of clinical mental defect remain allegations, and that a lack of focus, extreme carelessness or even gross negligence, which might be attributed to counsel, do not lead, a fortiori, to the conclusion that he was mentally disabled or neurologically deficient. Exact and simultaneous recordings of proceedings reveal in concrete terms what occurs in the courtroom and the news that a trial attorney is suffering from a mental deficiency becomes surprising when such deficiency does not make itself apparent during the dynamic setting of a jury trial. Prior counsel conducted cross-examinations of six witnesses.  He objected on numerous occasions and my trial notes, notes which are in the possession of counsel, reflect some of these objections and rulings. He allowed the introduction of evidence I might have objected to if I were he, but I am not. In short, I was not witness to a zombie on automatic pilot, but rather to an attorney with strengths and frailties, indeed an

CIVIL 09-1088 (JA)    9

attorney who was trying his first jury trial in this court, a fact I learned from plaintiffs' opposition to the motion for mistrial, and which was not apparent during the trial.

### III.  CONCLUSION

The defendant has demonstrated a number of serious deficiencies in counsel's representation before trial and during trial.  If this were a criminal case, there would be strong suggestions that the actions and inaction of the attorney would have fallen outside the wide range of reasonable professional assistance. But this is a civil case which is being presented in a district court located under the umbrella of the First and not the Ninth Circuit Court of Appeals.  Assuming an inclination to deviate from the accepted circuit rule on attorney performance, I consider that the less than portentous showing of the defense does not invite a deviation from the rule.  See, e.g., KPS & Assoc., Inc. v. Designs by F.M.C., Inc., 318 F.3d 1, 16-17 (1st Cir. 2003).

The motion for mistrial is denied.  The motion for alternative remedies is also denied without discussion.  Amending the pretrial order, recalling witnesses to be cross-examined and presenting additional witnesses to destroy the phalanx of camaraderie which the defense alleges exists among plaintiff police officers, results in a further continuance which stands at loggerheads with any notion of resolving this case in a just, speedy and inexpensive manner.

CIVIL 09-1088 (JA)                              10

      The defense will believe that this is an unjust determination.  The parties chose their attorneys.  While they may possibly reap the benefits of their recent decision to hire two experienced trial attorneys, they also suffer the consequences of the actions of their first choice, an attorney who was part of a firm with well-known litigators, but who filed a sole notice of appearance in a case which would have welcomed actual trial experience in federal civil jury trials.

      SO ORDERED.

      In San Juan, Puerto Rico, this 3d day of May, 2011.

                          S/JUSTO ARENAS
                    United States Magistrate Judge